OPINION OF THE COURT
Theodore Diamond, J.
This nonjury case was tried on May 6 and May 10, 1983. Callahan, a former tenant of defendant Reid, sues landlord and a city marshal for unlawful eviction and conversion of personal property in connection with her May 10, 1982 eviction. The amended complaint asks for $9,500 for conversion and $500 for mental distress.
Landlord counterclaims for $450 unpaid use and occupation (u and o) for three months.
There remains only the landlord’s counterclaim against tenant for unpaid u and o. The tenant’s prior rent for this three-room furnished apartment was $150 and that amount was agreed to in stipulation in a prior residential holdover case (L&T index No. 97960/82). The tenant paid no u and o to the landlord for the period February 6, 1982 to May 10,1982, which would come to $470, against which tenant receives a credit for $150 paid indirectly to landlord through the court.
Is tenant entitled to reduce landlord’s claim for unpaid u and o by alleging and proving a breach of the warranty of habitability? Tenant testified as to various absences of services between February 6, 1982 and May 10, 1982. Landlord testified that he made certain repairs. Tenant *191 introduced a copy of an HPD (Department of Housing Preservation and Development) violation print-out as of June 22, 1981 which she ordered on December 31, 1981. Inasmuch as there was no testimony by landlord that he knew of these violations and corrected them, and HPD had not removed any May 27, 1981 violations as a result of a landlord’s reinspection request, the inference is drawn that any violations in tenant’s apartment and public places on May 27, 1981 — and not identified by landlord as having been corrected — continued between February 6,1982 and May 10, 1982. There were 11 public-place violations of record and 14 tenant-apartment violations (of which two were duplicates) — of which four were rent-impairing. Therefore, if allowed the reply, tenant is entitled to an abatement of 50% of the rent from February 6,1982 to May 10,1982, or $235 of the $470. Adding this $235 to the $150 paid through the court, tenant could be credited with $385 against the landlord’s $470 claim for unpaid u and o.
Can the warranty of habitability (Real Property Law, § 235-b) be applied to payments of “use and occupation”?
First, the warranty applies to a “lease or rental agreement”. Since the amount of u and o was set by stipulation of the parties, it should be considered a “rental agreement” for purposes of section 235-b. Second, subdivision 2 makes waiver of the warranty void, when made by a lessee or tenant. Therefore, it appears that an occupant paying u and o could agree to waive the benefits of the section; however, there was no evidence that occupant did make such a waiver.
Of course, there are situations where u and o are set at less than the previous rent, because tenant had asserted the warranty during the previous action or the negotiations, prior to stipulation. In such a case, tenant should not be able to “double-dip” by getting a further reduction in u and o. However, that is not the stipulation here. U and o was set at the same amount as the previous rent.
Finally, although the section does use the words “lease or rental agreement”, the warranty has been applied to another legal relationship, a co-operative (Suarez v Rivercross Tenants' Corp107 Misc 2d 135 [App Term, 1st Dept]).
*192 JUDGMENT
Judgment for defendant Byron Reid against plaintiff Ola Callahan for $85, plus costs and disbursements.